UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
CONSTANTINE LEE,
       Petitioner,

- against -

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

10 Civ. 1447 (BMC)

**COGAN**, District Judge.

Before the Court is petitioner's request that his federal sentence be "retroactively designated" to run concurrently with, rather than consecutive to, his state court sentence. The authority to grant such a request lies with the Bureau of Prisons ("BOP"), and not the Court, and accordingly petitioner's request is denied.

## BACKGROUND

Petitioner has a criminal history dating back to the 1970s and has already been deported back to Jamaica on three separate occasions. On September 18, 2007, petitioner was arrested in Brooklyn, New York for selling marijuana. He was sentenced by the state court on October 1, 2007, to a term of 90-days for selling marijuana and 24 months' imprisonment for violating his parole, with the sentences to run concurrent.

On January 22, 2008, the United States Immigration and Customs Enforcement took petitioner into federal custody. He plead guilty to illegal reentry in violation of 8 U.S.C. § 1326(a), (b)(2) and was sentenced by this Court on October 24, 2008 to a term of 64 months' imprisonment followed by three years supervised release. The defendant did not request, nor did the Court indicate, whether the sentence would run concurrently with the state sentence.

The BOP construed petitioner's federal sentence as running consecutive to his state sentence. Accordingly, petitioner began serving his federal sentence after the expiration of his state sentence on September 21, 2009. The BOP projects that petitioner will complete his federal sentence in May 2014.

## DISCUSSION

At the outset, this Court notes that petitioner's request is in the form of a letter to this Court, which makes no reference as to the type of motion he is making. This Court construed petitioner's request as a motion under 28 U.S.C. § 2241; however, the government contends that it should be characterized as a petition under 28 U.S.C. § 2255.[1]

The general rule is that "it is the substance of the petition, rather than its form" that governs. James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002). However, the case law is not clear as to whether a prisoner's request for his federal sentence to run concurrently with his state sentence constitutes a challenge to the imposition or execution of the sentence. See Jenkins v. United States, 246 F.R.D. 138, 140 (E.D.N.Y. 2007) (citing McCarthy v. Doe, 146 F.3d 118 (2d Cir. 1998), and noting that there is no clear directive from the Second Circuit on this issue); see generally Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997) (explaining that challenges to the imposition of a sentence are generally brought under section 2255 and challenges to the execution are properly filed under section 2241).

Courts in this Circuit that have been faced with similar requests from prisoners have considered them to be properly filed as either a motion under section 2241 or 2255. See, e.g., Jenkins, 246 F.R.D. at 140 (finding petitioner's request for his federal and state sentences to run concurrent to be properly filed under both sections 2255 and 2241); United States v. Benitez, No.

---

[1] The government opposes Lee's request and in construing it as a motion under § 2255, argues that it should be dismissed because, *inter alia*, it is untimely and without merit.

2

98 Crim. 874 (LAP), 2009 WL 4857491, *2 (S.D.N.Y. Dec. 11, 2009) (liberally construing petitioner's *pro se* letter requesting the time he served in his state sentence to be credited toward his federal sentence as a section 2255 petition); Jones v. Killian, No. 09 Civ. 10281 (RMB)(KNF), 2010 WL 1790390, *1 (S.D.N.Y. Apr. 30, 2010) (denying petitioner's section 2241 petition challenging BOP's decision to run his federal sentence consecutive to his state sentence). Accordingly, this Court finds that petitioner's request is properly construed as a section 2241 petition and that there is no need to convert it to a motion under section 2255.

Regardless of the characterization of petitioner's letter, this Court lacks the authority to grant him the relief requested. See Benitez, 2009 WL 4857491, *2 n.1 (noting that the characterization of the petition is "largely academic ... because in either case [the court] is limited to issuing a recommendation to the [BOP] rather than granting the motion and providing direct relief."). Where multiple terms of imprisonment are imposed at different times and the court is silent as to whether those sentences are to run concurrent or consecutive, the default is that they run consecutive. See 18 U.S.C. § 3584(a); see also United States v. Donoso, 521 F.3d 144, 148 (2d Cir. 2008) (noting that "[t]he plain meaning of this provision is that multiple terms of imprisonment imposed at different times will normally run consecutively, unless the district court affirmatively orders that the terms be served concurrently." (internal citation and quotation marks omitted)). After a sentence has been imposed, the court is limited to modifying a term of

imprisonment under only those circumstances outlined in 18 U.S.C. § 3582(c),[2] none of which are present in this case.

Rather, it is the BOP that has discretion to determine whether petitioner's sentence will be served concurrently with, or consecutive to, his state sentence.[3] See Akinlade v. United States, No. 99-2645, 2000 WL 572913, *2 (2d Cir. May 11, 2000) (noting that the "authority resides in BOP" and not the district court); McCarthy, 146 F.3d at 120 (holding that the BOP has "authority to grant petitioner's request for *nunc pro tunc* designation").

## CONCLUSION

Accordingly petitioner's request is denied. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

Dated: Brooklyn, New York  
July 9, 2010

U.S.D.J.

---

[2] A court may modify a term of imprisonment: "(1) upon motion by the Director of the Bureau of Prisons satisfying a number of prerequisites; (2) to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure; or (3) in case of a defendant 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" Jenkins, 246 F.R.D. at 141 (quoting 18 U.S.C. § 3582(c)). Under Rule 35 a court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing; or reduce a sentence upon a motion made by the government satisfying a number of prerequisites. See Fed. R. Crim. P. 35.

[3] According to the BOP's Program Statement, it will designate a state facility for concurrent service of a federal sentence "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." PS 5160.05(8).

4